**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| D Squared Plant Traps LLC,<br><br>Plaintiff,<br><br>v.<br><br>[redacted]<br><br>Defendant. | Case No. 25-cv-05469<br><br>DEMAND FOR JURY TRIAL |

**AMENDED COMPLAINT**

D Squared Plant Traps LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act, design patent infringement under the Patent Act, trademark infringement under the Lanham Act, false designation of origin, and violation of the Illinois Deceptive Trade Practices Act, against Defendant [redacted] ("Defendant"). In support hereof, Plaintiff states as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., the Patent Act, 35 U.S.C. § 1, et seq., the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1338(a)-(b). This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, since Defendant directly targets business

activities toward consumers in the United States, including Illinois, through the operation of or assistance in the operation of the fully interactive, commercial internet store operating under the Defendant domain name [redacted]. Specifically, the Defendant directly reaches out to do business with Illinois residents by operating or assisting in the operation of one or more commercial, interactive e-commerce stores that sell products featuring Plaintiff's patented designs, sell products using or bearing infringing versions of Plaintiff's federally registered copyrighted works, and/or sell products using counterfeit versions of Plaintiff's federally registered trademark directly to Illinois consumers. In short, Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this lawsuit to address online infringers and counterfeiters who damage Plaintiff's reputation and goodwill by (1) selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products that use counterfeit versions of Plaintiff's federally registered trademark RAILSCAPES (U.S. Reg. No. 7,351,773) (the "RAILSCAPES Trademark"); (2) using Plaintiff's copyrighted works (U.S. Reg. Nos. VA0002389132) (the "RAILSCAPES Works") in connection with the sale and advertising of infringing products; and/or (3) making, using, offering for sale, selling, and/or importing into the United States unauthorized and unlicensed products that infringe on Plaintiff's design patents (U.S. Patent Nos. D1,003,076 and D1,005,008) (the "RAILSCAPES Designs"). *See* **Exhibit 1**. Defendant has established at least one online store (the "Defendant Internet Store") under the domain name [redacted] and operating under the Seller Alias, designed to appear as if it is selling genuine copies of Plaintiff's products, while, in reality, it sells counterfeit versions to unsuspecting customers.

## III. PARTIES

**Plaintiff D Squared Plant Traps LLC**

4. Plaintiff is a Pennsylvania limited liability company and is the creator and seller of high-quality, unique railing planter products designed to revolutionize vertical gardening, including clever clips for a floating garden ("RAILSCAPES Products"). Plaintiff sells these designs through its PLANT TRAPS and RAILSCAPES brands, which allows consumers to purchase the genuine products through the company's e-commerce marketplaces. The RAILSCAPES Products have become enormously popular and even iconic, driven by Plaintiff's exacting quality standards and innovative designs. Among the purchasing public, genuine RAILSCAPES Products are instantly recognizable as such in the United States and around the world.

5. Plaintiff launched its RAILSCAPES branded products in 2023, which are available through its website,[1] Amazon storefront,[2] Etsy,[3] selected retail stores,[4] and a wholesaler.[5] Plaintiff's founder and inventor created the unique RAILSCAPES Designs after observing a demand in the marketplace for more planting space and simple railing planters. Plaintiff's unique products have been advertised with its federally registered trademark. Plaintiff continues to heavily market and promote its unique products on its e-commerce marketplaces, social media, advertisements, and product demonstration videos to educate consumers on both its products and trademarked names. Its online marketplaces and social media feature original content, reviews, and testimonials for RAILSCAPES Products.

---

[1] https://www.planttraps.com/
[2] https://www.amazon.com/sp?ie=UTF8&seller=A261W4DCCS3U58&asin=B0CLG14G7V&ref_=dp_merchant_link
[3] https://www.etsy.com/shop/PlantTrap
[4] https://www.planttraps.com/pages/in-store-list
[5] https://www.planttraps.com/pages/wholesale

6. Plaintiff is the manufacturer, distributor, and retailer of RAILSCAPES Products. The Company is engaged in the business of distributing and retailing its high-quality railing planter products within the Northern District of Illinois under the federally registered RAILSCAPES Trademark. Defendant's sales of the counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging the Plaintiff.

7. RAILSCAPES Products are known for their distinctive patented designs. Railing planters that use these designs are associated with the quality and innovation that the public has come to expect from RAILSCAPES products. Plaintiff uses these designs in connection with its RAILSCAPES branded products, including, but not limited to, the following patented designs (the "RAILSCAPES Designs").

| **Patent Number:** | US D1,003,076 | **Issue Date:** | October 31, 2023 |
|---|---|---|---|
| | **CLAIM** | | |
| Figure 1 |  FIG.1 | Figure 5 |  |
| Figure 2 |  FIG.2 | Figure 6 |  |
| Figure 3 |  | Figure 7 |  FIG.7 |

| | | | |
|---|---|---|---|
| Figure 4 |  | Figure 8 |  FIG.8 |

| Patent Number: US D1,005,008 | | Issue Date: November 21, 2023 | |
|---|---|---|---|
| **CLAIM** | | | |
| Figure 1 |  FIG.1 | Figure 5 |  |
| Figure 2 |  FIG.2 | Figure 6 |  |
| Figure 3 |  | Figure 7 |  FIG.7 |
| Figure 4 |  | Figure 8 |  FIG.8 |

8. D Squared Plant Traps LLC is the lawful assignee of all right, title, and interest in and to Patent Numbers US D1,003,076 and D1,005,008. The '076 patent was lawfully issued on

October 31, 2023, with the named inventor Deborah Holtschlag. The ‘008 patent was lawfully issued on November 21, 2023, with the named inventor Deborah Holtschlag.

9. Plaintiff also has registered the trademark RAILSCAPES (U.S. Reg. No. 7,351,773). The RAILSCAPES Trademark is distinctive and identify the merchandise as goods originating from the Plaintiff. The registration for the RAILSCAPES Trademark constitutes prima facie evidence of their validity and of Plaintiff’s exclusive right to use the RAILSCAPES Trademark pursuant to 15 U.S.C. § 1057(b). The RAILSCAPES Trademark has been continuously used and have never been abandoned since their first use.

10. Plaintiff uses the RAILSCAPES Trademark to identify its goods. The trademark is distinctive when applied to Plaintiff’s goods, signaling to the purchaser and consumer that the products are from Plaintiff and are made and manufactured to Plaintiff’s original specifications and standards.

11. Since its initial launch of the original RAILSCAPES branded products and its first use of the RAILSCAPES Trademark in 2023, RAILSCAPES Trademark has been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world. Plaintiff has and continues to widely promote and market its trademark to the general public, including through its website and social media. Genuine and authentic RAILSCAPES branded products are offered and sold by Plaintiff directly through its website, authorized e-commerce storefronts, and retail stores.

12. Plaintiff has expended substantial time, money, and other resources to develop, advertise, and otherwise promote the RAILSCAPES Trademark. As a result, consumers recognize that products bearing the distinctive RAILSCAPES Trademark originate exclusively from Plaintiff.

13. Plaintiff is also the owner of a copyright registration covering multiple photographs (U.S. Reg. No. VA0002389132,). The registration information for the RAILSCAPES Works and copies of the corresponding images are shown in **Exhibit 1** attached hereto. Upon information and belief, the copyright registration has an effective date that predates the Defendant's acts of copyright infringement.

14. Since their first publication, the RAILSCAPES Works have been used to sell RAILSCAPES Products. Plaintiff's products and its accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States and, due to its strong internet presence, throughout the entire world.

15. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display the RAILSCAPES Works to the public.

**Defendant**

16. Defendant is an individual or entity of unknown origin who owns and/or operates at least the Seller Alias and/or other seller aliases not yet known to Plaintiff. Upon information and belief, Defendant resides in the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within the state of Illinois and in this Judicial District, through the operation of at least one fully interactive commercial website under the domain name [redacted] Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products to consumers within the United States, including Illinois, and this Judicial District.

17. Defendant knowingly and willfully manufactures, imports, distributes, offers for sale, and sells infringing products. The tactics used by Defendant to conceal its identity and the

full scope of its operation make it virtually impossible for Plaintiff to learn the precise scope of its operation. If Defendant provides additional credible information regarding its identity, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

18. The success of Plaintiff's brands has resulted in significant infringement and counterfeiting. Consequently, Plaintiff has identified numerous marketplace listings which include a product listing provided by Defendant, and which have been offering for sale, completing sales, or exporting illegal products to consumers in this Judicial District and throughout the United States. E-commerce stores, like Defendant's Internet Store, have resulted in a sharp increase in the shipment of unauthorized products into the United States. *See* **Exhibit 2**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*. According to Customs and Border Patrol's ("CBP") report, from Fiscal Year (FY) 2020 to FY 2024, the total number of goods seized for IPR violations has more than doubled. In addition to seizure, CBP executed 99,959 alternative enforcement actions, such as abandonment and destruction. *Id.* China and Hong Kong are consistently the top two for IPR seizures. In FY 2024, seizures from China and Hong Kong accounted for approximately 90% of the total quantity seized. *Id.* The vast majority of IPR seizures continue to take place within the express consignment and mail shipping methods. In FY 2024, 97% of IPR seizures in the cargo environment occurred in the de minimis shipments. *Id.* Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

19. Upon information and belief, at all relevant times hereto, Defendant has had full knowledge of Plaintiff's ownership of the RAILSCAPES Trademark, including its exclusive right to use and license such intellectual property and the associated goodwill

20. Counterfeiters like Defendant take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat counterfeiting. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 NW. J. INT'L. L. & BUS. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendant may and does garner sales from Illinois residents by setting up and operating at least one e-commerce internet store under a seller alias, such as Defendant Internet Store, which targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and, on information and belief, has sold counterfeit products to residents of Illinois.

21. Counterfeiters like Defendant commonly engage in fraudulent conduct when registering a seller alias by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

22. Upon information and belief, at all relevant times hereto, the Defendant had full knowledge of Plaintiff's ownership of the RAILSCAPES Trademark, Design and Works ("RAILSCAPES Intellectual Property"), including its exclusive right to use and license such

intellectual property and the associated goodwill. Defendant's Internet Store also uses the same pictures to advertise its counterfeit product that Plaintiff uses on its webpage, social media, and other online marketplaces to sell and advertise its genuine and original RAILSCAPES Products, sowing further confusion among potential purchasers.

23. Counterfeiters like Defendant regularly register or acquire new seller aliases for the purpose of offering for sale and selling infringing products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendant to conceal their identities, the full scope and interworking of their infringing operation, and to avoid being shut down.

24. Defendant's infringement of the RAILSCAPES Designs in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the infringing products was willful.

25. Upon information and belief, Defendant also deceives unsuspecting customers by using the RAILSCAPES Trademark without authorization within the content, text, and/or metatags of their websites and marketplace storefronts to attract various search engines on the internet that are looking for websites relevant to consumer searches for Plaintiff's RAILSCAPES branded products. Additionally, upon information and belief, Defendant uses other unauthorized search engine optimization tactics and social media spamming so that the Defendant's Internet Stores listings appear at or near the top of relevant search results after others have been shut down. As such, Plaintiff also seeks to disable domain names owned by Defendant that serve as the means for Defendant to continue selling counterfeit products.

26. Defendant, without authorization or license from the plaintiff, knowingly and willfully used and continues to use the RAILSCAPES Trademark and Works in connection with

the advertisement, offer for sale, and sale of counterfeit products, including *on* the internet. The infringing products are not RAILSCAPES-branded products of the plaintiff. The plaintiff did not manufacture, inspect, or package these infringing products and did not approve their sale or distribution. The defendant's internet store offers shipping to the United States, including Illinois, and, based on information and belief, the defendant has sold counterfeit products into the United States, including Illinois.

27. Defendant's use of the RAILSCAPES Trademark and Works in connection with the advertising, distribution, offers for sale, and sale of infringing products, including the sale of infringing products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

28. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling infringing products that infringe upon RAILSCAPES Intellectual Property unless preliminarily and permanently enjoined.

**COUNT I**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

29. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

30. Plaintiff's works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of each original work, and all works at issue have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

31. Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including, but not limited to, the Plaintiff's copyrighted works, including derivative works.

32. Upon information and belief, Defendant had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendant wrongfully copied the Plaintiff's copyrighted works without consent and engaged in acts of widespread infringement by publishing and distributing the Plaintiff's works via online websites and digital markets, especially in connection with marketing its counterfeit products. *See* **Exhibit 4**. In fact, every photograph used by the Defendant is nearly identical to the original works of the Plaintiff. *Id*.

33. Plaintiff is informed and believes, and thus alleges, that Defendant further infringed Plaintiff's copyrights by making or causing the creation of derivative works from Plaintiff's works through producing and distributing reproductions without Plaintiff's permission.

34. Defendant, without the permission or consent of Plaintiff, published online infringing derivative works of Plaintiff's works. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

35. Further, as a direct result of the acts of copyright infringement, Defendant has obtained direct and indirect profits they would not have otherwise realized but for their infringement of the copyrighted Plaintiff's works. Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to their infringement of Plaintiff's works.

36. As a result of Defendant's infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

37. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503,

Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all unauthorized copies. Defendant's copies, digital files, and other embodiments of Plaintiff's copyrighted works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendant should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

**COUNT II**

**INFRINGEMENT OF UNITED STATES DESIGN PATENTS (35 U.S.C. § 271)**

38. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39. Plaintiff is the lawful assignee of all right, title, and interest in the RAILSCAPES Designs. *See* **Exhibit 1**.

40. Defendant is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe upon the ornamental designs claimed in the Plaintiff's design patents, either directly or under the doctrine of equivalents. *See* **Exhibit 4**.

41. Defendant has been and continues to infringe upon the plaintiff's design patents by making, using, selling, offering for sale in the United States, or importing into the United States, including within this judicial district, the accused products in violation of 35 U.S.C. § 271(a).

42. Defendant has infringed Plaintiff's design patents through the aforesaid acts and will continue to do so unless this Court issues an injunction. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm due to the loss of its lawful patent rights to exclude

others from making, using, selling, offering for sale, and importing the patented designs. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

43. Defendant has infringed Plaintiff's design patents because, in the eyes of an ordinary observer, giving such attention as a purchaser usually gives, the ornamental designs of Plaintiff's design patents and the overall design features of the defendant's products are substantially the same, if not identical, with a resemblance such as to deceive an ordinary observer, including leading that observer to purchase an infringing product believing it to be Plaintiff's product protected by Plaintiff's design patents.

44. Plaintiff is entitled to recover damages sufficient to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages that are appropriate pursuant to 35 U.S.C. § 284.

**COUNT III**

**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

45. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44.

46. This case also concerns a trademark infringement and counterfeiting claim against Defendant based on their unauthorized use in commerce of counterfeit imitations of the federally registered RAILSCAPES Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The RAILSCAPES Trademark is distinctive. Consumers have come to expect the highest quality from Plaintiff's products bearing the RAILSCAPES Trademark.

47. Defendant has sold, offered to sell, marketed, distributed, and advertised, and continues to sell, offer to sell, market, distribute, and advertise products in connection with the RAILSCAPES Trademark without Plaintiff's permission. *See* **Exhibit 4**.

48. Plaintiff is the exclusive owner of the RAILSCAPES Trademark. Plaintiff's U.S. registration for the RAILSCAPES Trademark are in full force and effect. *See* **Exhibit 1**. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the RAILSCAPES Trademark and is willfully and intentionally offering counterfeit items bearing the RAILSCAPES Trademark. Defendant's willful, intentional, and unauthorized use of the RAILSCAPES Trademark is likely to cause confusion, mistake, and deception regarding the origin and quality of the counterfeit goods among the general consuming public.

49. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill associated with its well-known trademark.

51. The injuries suffered by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's RAILSCAPES branded products.

**COUNT IV**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)**

52. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51.

53. Defendant's advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or other dealings in counterfeit versions of Plaintiff's products have created and continue to create a likelihood of confusion, mistake, and deception among the public regarding the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

54. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendant has offered and shipped goods in interstate commerce.

55. Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendant has and continues to exploit the extensive goodwill of Plaintiff to induce customers to purchase a counterfeit version of Plaintiff's products, thereby directly competing with Plaintiff. Such conduct has allowed and will continue to allow the Defendant to generate substantial sales and profits based on the goodwill and reputation of the Plaintiff, which the Plaintiff has built through its extensive nationwide marketing, advertising, sales, and cumulative consumer recognition.

56. The Defendant knew or, by the exercise of reasonable care, should have known that its past, present, and ongoing advertising, marketing, promotion, distribution, display, offering for sale, sale, or other dealings in counterfeit goods have and will continue to cause confusion, mistake, or deceive purchasers, users, and the public.

57. Additionally, by using the RAILSCAPES Trademark in connection with the sale of counterfeit products, Defendant creates a false designation of origin and a misleading representation regarding the origin and sponsorship of the counterfeit product. By using Plaintiff's

original photographs in association with the offer and sale of these counterfeit products, Defendant aims to further confuse the relevant public as to the source or sponsorship of their goods by Plaintiff.

58. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit product to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

59. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

60. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT V

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510/2)

61. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60.

62. The Defendant has engaged in acts that violate Illinois law, including but not limited to, causing a likelihood of confusion and/or misunderstanding regarding the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Plaintiff by claiming their products are approved by the Plaintiff when they are not, and engaging in other conduct that creates a likelihood of confusion or misunderstanding among the public.

63. The defendant knew or, by the exercise of reasonable care, should have known that their past, present, and ongoing advertising, marketing, promotion, distribution, display, offering

for sale, sale, or otherwise dealing in counterfeit goods have and will continue to cause confusion, mistake, or deceive purchasers, users, and the public.

64. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by this Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, employees, attorneys, and all other persons acting for, with, by, through, under, or in active concert with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

i. using the RAILSCAPES Trademark in any way related to the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff, or not authorized by Plaintiff to be sold in connection with the RAILSCAPES Trademark;

ii. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authority, control, or supervision of Plaintiff and approved by Plaintiff for sale under the RAILSCAPES Trademark and associated with or derived from the RAILSCAPES Trademark;

iii. making, using, selling, and/or importing into the United States for retail sale or resale any products that infringe upon the RAILSCAPES Trademark;

iv. committing any acts calculated to cause consumers to believe that Defendant's counterfeit products are sold under the authority, control, or supervision of Plaintiff,

or are sponsored by, approved of, or otherwise connected with Plaintiff, including without limitation through the use of Plaintiff's original photographs and marketing text in connection with the offer or sale of counterfeit products;

v. further infringing on the RAILSCAPES Trademark and damaging Plaintiff's goodwill;

vi. otherwise competing unfairly with Plaintiff in any manner;

vii. shipping (including drop-shipping), delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of in any manner products or inventory that are not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the RAILSCAPES Trademark, or reproductions, counterfeit copies, or colorable imitations of them;

viii. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store or any other domain name or online marketplace account used to sell or enable the Defendant to continue selling counterfeit products;

ix. operating and/or hosting websites at the Defendant Internet Store or any other domain names registered or operated by Defendant that are involved in the distribution, marketing, advertising, offering for sale, or sale of any product bearing the RAILSCAPES Trademark or reproduction, counterfeit copies, or colorable imitations thereof that are not genuine products or not authorized by Plaintiff to be sold in connection with the RAILSCAPES Trademark; and,

x. registering any additional domain names that use or incorporate any portion of the RAILSCAPES Trademark; and,

B. That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. displaying images protected by the RAILSCAPES Trademark in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with the RAILSCAPES Trademark; and

ii. shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving, storing, or disposing of products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and protected by the RAILSCAPES Trademark or any reproductions, counterfeit copies, or colorable imitations thereof; and

C. That Defendant, within fourteen (14) days after being served with the judgment and notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with any and all injunctive relief ordered by this Court.

D. Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplace; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, Twitter; Internet search engines such as: Google, Bing, and Yahoo; webhosts for the Defendant's Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to

any or all webstores through which Defendant engage in the sale of counterfeit products using the RAILSCAPES Trademark; shall:

i. disable and cease providing services for any accounts through which the Defendant engages in the sale of counterfeit Plaintiff's RAILSCAPES branded products using the RAILSCAPES Trademark, including any accounts associated with the Defendant.

ii. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing and counterfeit product using the RAILSCAPES Trademark; and,

iii. Take all necessary steps to prevent links to the Defendant Online Stores from appearing in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index; and,

E. That Defendant account for and pay to Plaintiff all profits realized by Defendant as a result of Defendant's unlawful acts alleged herein, and that the damages for infringement of the RAILSCAPES Trademark be increased by an amount not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

F. For Judgment in favor of Plaintiff against Defendant, finding that they: (a) willfully infringed the Plaintiff's federally registered trademark pursuant to 15 U.S.C. § 1114; and (b) otherwise injured the Plaintiff's business reputation and business of Plaintiff by Defendant's acts and conduct as set forth in this Complaint.

G. For Judgment in favor of Plaintiff against Defendant for actual damages pursuant to 15 U.S.C. § 1117, at the election of Plaintiff, in an amount to be determined at trial;

H. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the RAILSCAPES Trademark;

I. That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

   i. making, using, offering for sale, selling, and/or importing into the United States any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the designs claimed in the RAILSCAPES Designs for subsequent sale or use.

   ii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the RAILSCAPES Designs; and

   iii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device to circumvent or otherwise avoid the prohibitions set forth in Subparagraphs (a) and (b); and

J. Entry of an order that, upon Plaintiff's request, requires those with notice of the injunction—including, without limitation, any online marketplace or payment processor such as PayPal, Stripe, Payoneer, and LianLian; social media platforms such as Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; internet search engines such as Google, Bing, and Yahoo; web hosts for the Defendant Domain Names; and domain name registrars—to disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the ornamental designs claimed in the RAILSCAPES Designs.

K. That Plaintiff be awarded such damages as it proves at trial against the Defendant, which are adequate to compensate for the infringement of Plaintiff's design patents, but in no event less than a reasonable royalty for the use of the invention by Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284.

L. That the damages awarded to Plaintiff to compensate Plaintiff for infringement of the RAILSCAPES Designs be increased by three times the amount thereof, as provided by 35 U.S.C. § 284.

M. Alternatively, that Plaintiff be awarded a complete accounting of all revenue and profits realized by Defendant from Defendant's infringement of the RAILSCAPES Designs, pursuant to 35 U.S.C. § 289.

N. That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. using the RAILSCAPES Works or any reproductions, copies, or colorable imitations thereof in any manner for the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized RAILSCAPES product or is not authorized by Plaintiff to be sold in connection with the RAILSCAPES Works;

ii. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the RAILSCAPES Works;

iii. further infringing the RAILSCAPES Works and damaging Plaintiff's goodwill;

iv. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the RAILSCAPES Works, and which are derived from Plaintiff's copyrights in the RAILSCAPES Works; and

v. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other online marketplace account used to sell products or inventory not authorized by Plaintiff that are derived from Plaintiff's copyrights in the RAILSCAPES Works; and

O. Entry of an Order that, upon Plaintiff's request, requires those in privity with Defendant and those with notice of the injunction—including any online marketplaces or payment processors such as PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendant's Domain Names; and domain name registrars who are notified of the injunction—to cease facilitating access to any or all webstores through which Defendant engages in selling infringing products using the Plaintiff's copyrights shall:**

i. disable and cease providing services for any accounts through which the Defendant sells products not authorized by Plaintiff that reproduce or are derived from the RAILSCAPES Works, including any accounts associated with the Defendant.

ii. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff which are derived from the RAILSCAPES Works; and

iii. take all necessary steps to prevent links to the Defendant's accounts from appearing in search results, including, but not limited to, removing links to the Defendant's accounts from any search index; and

P. For judgment in favor of the plaintiff against the defendant, finding that they: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and operations of the plaintiff through the acts and conduct described in this Complaint;

Q. For judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

R. In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

S. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

T. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: September 26, 2025

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com